Industrial School District *v.* Whitehead.

THE INDUSTRIAL SCHOOL DISTRICT *vs.* WHITEHEAD.

Every statute is by implication a repeal of all prior statutes, so far as it is repugnant thereto.

If a subsequent statute be not repugnant in all its provisions to a prior one, yet if it was clearly intended to prescribe the only rule that should govern in the case provided for it repeals the original act.

But unless the latter statute is manifestly inconsistent with and repugnant to the former, both remain in force.

There is nothing in the act to establish the city of Elizabeth which expressly or by necessary implication supersedes the trustees of the incorporated school district or abrogates their rights of property.

*Alward,* for complainants.

*R. S. Green,* for defendant.

THE CHANCELLOR. To the complainant's bill the defendant pleads, that by the act to establish the city of Elizabeth, approved March 13th, 1855, the legislature *superseded* "the Industrial School District," and vested all their rights, franchises, immunities, powers, and privileges in the city of Elizabeth and in the board of commissioners of schools of said city.

The complainants are the trustees of a school district, duly incorporated under the laws of this state, within the township of Elizabeth. The defendant was the superintendent of public schools in said township from April, 1853, to April, 1855, and during that period received large sums of money, to which the complainants are entitled, and for which they now ask an account and settle-

ment. The facts averred in the bill are admitted by the plea, and for the purpose of this issue must be assumed to be true.

The simple issue raised by the plea is, whether the provisions of the statute in regard to the trustees of public schools within the township of Elizabeth are repealed, and the rights acquired under them abrogated by the city charter.

It is admitted that there is no express repeal of any of the provisions of the school law. The repeal, if it exists, must be by necessary implication. The ground taken by the plea is, that the corporation is made useless or inefficacious by the terms of the city charter, and all its rights, franchises, immunities, powers, and privileges transferred to the city and to the school commissioners.

Every statute is by implication a repeal of all prior statutes, so far as it is repugnant thereto. And if the subsequent statute be not repugnant in all its provisions to a prior one, yet if it was clearly intended to prescribe the only rule that should govern in the case provided for, it repeals the original act. *Sedgwick on Statute Law* 124–5; *Den, West* v. *Pine,* 4 *Wash. C. C. R.* 691.

But the repeal of a statute by implication is not favored. Unless the latter statute is manifestly inconsistent with and repugnant to the former, both remain in force. Courts are bound to uphold the prior law if the two may subsist together. The matter must be so clearly repugnant that it necessarily implies a negative. *Dwarris on Stat.* 674; 1 *Bl. Com.* 89, and cases cited, *note* 34, (*Sharswood's ed.*); *Beals* v. *Hale,* 4 *Howard U. S.* 37; *Bowen* v. *Lease,* 5 *Hill* 221, and cases cited, *note a,* 225.

Applying these principles to the facts of the case, are the provisions of the school law, under which the complainants claim their rights and franchises, repealed by the city charter? By the "act to establish public schools," *Nix. Dig.* 775, § 7, 9, the trustees of the several school districts are authorized to determine how many months

in a year the school shall be kept, to designate a site for the school house, to provide a suitable house or room where a school shall be taught, to contract with and employ a teacher, and to perform other duties touching the interest and welfare of the school and the means of carrying the system into effect.

By the supplement, approved March 14th, 1851, *Nix. Dig.* 738, § 9 and 10, a mode is pointed out by which the trustees of any school district may, at their own desire, become incorporated, and be a body politic and corporate, capable of suing and being sued, of making and using a common seal, of taking and holding such real estate as may be necessary for school houses, and of disposing thereof, and of taking, holding, and disposing of any other estate, real and personal, that may be devised, bequeathed, or given to them for the use of public schools in said district; and by the eleventh section of the act, the inhabitants of any incorporated school district are empowered to authorize the trustees to purchase land, to build, enlarge, repair, sell, or mortgage a school house or houses, to appropriate the money apportioned to the district, or any part thereof, for that purpose, or to borrow money therefor, and to raise by taxation for said purposes, any such sum of money as two-thirds of the inhabitants, duly assembled for that purpose, shall agree to. The money so raised by taxation is directed to be paid to the superintendent of the township in which the district is situated, for the use of the said district, to be paid out on the order of the trustees thereof.

So far as relates to the duties of the trustees of school districts under the original act of 1846, they seem, with perhaps one exception, to have been imposed by the city charter upon the school commissioners or the authorities of the city. So far, at least, the powers and duties of the trustees of the school districts are superseded and the provisions of the prior act repealed.

But there is nothing in the city charter which can be

construed to abrogate or impair the rights acquired by the inhabitants of *incorporated* school districts under the supplement of 1851. By authority of that act, the trustees, as a corporation, may have incurred heavy debts. No provision is made by the city charter for the payment of those debts. They may have acquired, in addition to the amount raised by taxation, valuable estate, real and personal, by gift, devise, or bequest. The right to all this property is vested in the corporation. The city charter does not interfere with that right of property. It was manifestly the design of the legislature to encourage the promotion of learning, and to induce liberal appropriations in support of common schools, by assuring to the inhabitants of each school district the exclusive use and enjoyment, for the purposes of education, of all money thus appropriated by them or acquired by gift, devise, or bequest. True it is to be used solely for the purposes of education, but that does not affect their right of property. Though dedicated to a public purpose, as against the city, it belongs in equity to the inhabitants of the school district as much as the city property belongs to it, as against the rest of the county.

There is nothing in the city charter which expressly or by implication supersedes the trustees of the incorporated school district or abrogates their rights of property.

The plea must be overruled with costs.